Ricky Lynn Smith v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-257-CR

     RICKY LYNN SMITH,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 87th District Court
Freestone County, Texas
Trial Court # 97-062-CR
                                                                                                                   

O P I N I O N
                                                                                                                   

      Ricky Lynn Smith was charged with and pled guilty to sexual assault of a child. Tex. Pen.
Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 1999). At the time of entering his plea, Smith elected
to have a jury assess punishment. He received fifteen years’ imprisonment. Smith appeals, asserting
ineffective assistance of counsel and charge error. We will affirm the judgment.
FACTS
      Erika, the victim, testified that around July 1, 1994, Smith, her step-father, forced her to have
sex with him. Erika became pregnant as a result. Approximately one year after giving birth, Erika
told her mother about the assault. Smith was arrested, but denied the charges. After DNA test
results showed Smith to be the father of Erika’s baby, Smith admitted his guilt. 
INEFFECTIVE ASSISTANCE OF COUNSEL
      In seven issues, Smith alleges that his counsel was ineffective. However, he failed to raise this
claim in a motion for new trial or to bring it to the trial court’s attention in any manner. Claims of
ineffective assistance of counsel not presented to the trial court are not preserved for our review. 
Gonzalez v. State, No. 98-268-CR, slip op. at 8, n.3 (Tex. App.—Waco June 9, 1999, no pet.)
(relying on Tex. R. App. P. 33.1(a)). Thus, issues four through ten are overruled.
JURY INSTRUCTION
      Smith complains in issues one through three that the court erred in failing to instruct the jury
that, before considering any extraneous offenses, they must find beyond a reasonable doubt that he
committed such offense. He urges that this failure resulted in either automatic reversible error,
harmful error, or egregious error.
      We have previously held that “it is error for the punishment charge to be devoid of an instruction
regarding the state’s burden when evidence of extraneous offenses has been admitted.” Coleman v.
State, 979 S.W.2d 438, 442-44 (Tex. App.—Waco 1998, no pet.). We determined that the error is
not “structural” and applied Almanza.


 Thus, if the instruction was requested, the test is “some
harm”; if not, the defendant must show “egregious harm.” Id. at 442 (citing Almanza, 686 S.W.2d
157, 171 (Tex. Crim. App. 1985) (opinion on rehearing)). Because Smith did not object to the
omission of the instruction, we will review the record to determine if he was egregiously harmed by
the court’s failure to include the instruction.
HARM
      Charge error must be reviewed "in light of the entire jury charge, the state of the evidence,
including the contested issues and weight of probative evidence, the argument of counsel and any
other relevant information revealed by the record of the trial as a whole." Id. at 444 (citing Ewing
v. State, 971 S.W.2d 204, 211 (Tex. App.—Beaumont 1998, pet. ref’d)). The State’s evidence
consisted of one witness, the victim. Her testimony on direct examination related only to the charged
incident. On cross examination, Smith elicited information regarding extraneous offenses:
      Counsel:      Okay. Now, you say you don’t remember how long this encounter occurred. Is
this the only time this happened?
 
      Erika:         No, sir, it’s not.
 
      Counsel:      Was it an on-going situation during the whole year of ‘94, and ‘95, or what,
ma’am?
 
      Erika:         No, sir, back in ‘92 I had a yeast infection because he had touched me.
 
      Counsel:      Now, [Erika], all of this, you say, happened and you didn’t say anything to your
mother about it.
 
      Erika:         No, I didn’t.
 
      Counsel:      Well, you seem to be close to your mother. Why would you not say something
about it?
 
      Erika:         Because I’ve seen him beat my mom. And I was not going to say nothing because
I’m scared of him.

On re-direct, the State elicited further explanation of the circumstances surrounding the incidents
mentioned by Erika. 
      Although Smith pled guilty, he denied “forcing” Erika to have sex with him. According to
Smith, Erika came to his bed while he was asleep, and he woke up to find her on top of him. He also
denied ever touching Erika before this incident. As to beating Erika’s mother, Smith admitted that
“things got out of hand” once. The prosecutor did not mention the extraneous offenses during
closing argument. 
      The range of punishment was two to twenty years. The jury assessed fifteen years. Considering
that Smith admitted impregnating his fourteen-year-old stepdaughter, we do not believe that this is
an excessive punishment, even considering Smith’s lack of a prior criminal history. Smith’s version
of the assault varied greatly from Erika’s, yet the jury could have chosen not to believe him. Nothing
in the record suggests that the jury would have considered the extraneous offenses differently based
on his testimony if the burden-of-proof instruction had been included in the charge. Id. Considering
the circumstances of the charged offense, the fact that the extraneous offense evidence was elicited
by Smith, and other Almanza factors, we do not find that Smith was egregiously harmed by the
omission of the instruction. Issues one through three are overruled. 
      The judgment is affirmed.
 
                                                                       BILL VANCE
                                                                       Justice

Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Affirmed
Opinion delivered and filed August 11, 1999
Do not publish